IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVIN SETH WATERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-194-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Davin Seth Waters, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the reply, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:19-CR-093-Z, reflects the following:

On June 20, 2019, Petitioner was named in a one-count indictment charging him with transportation of minors with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). (CR ECF 3). Petitioner initially entered a plea of not guilty. (CR ECF 12; CR ECF 13). He later signed a plea agreement (CR ECF 18) and factual resume (CR ECF 20). In the plea agreement, Petitioner acknowledged that the facts set forth in the factual resume were true and would be submitted as evidence. (CR ECF 18, ¶ 2). He also acknowledged that he would be subject to a term of imprisonment for not less than ten years or more than life. (*Id.* ¶ 3). Further, the sentence would be imposed by the Court after considering the sentencing guidelines; Petitioner had reviewed the guidelines with counsel and understood that no one could predict with certainty

the outcome and that the sentence would be solely in the discretion of the Court. (*Id.* ¶ 5). The plea agreement further recited that Petitioner had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with his explanations, that they had discussed the alternatives available to entering into the agreement, and that Petitioner had decided to plead guilty because it was in his best interest to do so rather than to proceed to trial. (*Id.* ¶ 12). The factual resume set forth the elements of the offense and the stipulated facts establishing that Petitioner had committed the offense. In addition, the stipulated facts included facts pertaining to other minor victims Petitioner had molested during the time period relevant to the indictment. (CR ECF 20).

On November 25, 2019, Petitioner appeared for rearraignment and entered his plea of guilty. (CR ECF 23). Petitioner testified under oath that: he had read the indictment, understood it, and fully discussed the charge as well as his entire case with his attorney; he had read, understood, and discussed with his attorney the plea agreement and had signed it; his plea was not the result of any promises or threats, but made of his own free will because he was guilty; he understood he faced a penalty of life imprisonment; he understood that the judgment would be solely in the discretion of the district judge and that the guidelines would not be binding on the judge; he had discussed the guidelines with counsel and understood that counsel's estimate of the sentence was not a promise or guaranty and that he would be bound by the judgment even if it was greater than what counsel estimated; he had read the factual resume and understood everything in it; he signed the factual resume and everything in it was true and correct. (CR ECF 54).

The probation officer prepared the presentence report, which documents Petitioner's abuse of seven minor victims. (CR ECF 28, ¶¶ 8–36). The probation officer first calculated Petitioner's offense level by treating his offenses against MV1 and MV2 as two separate counts. (*Id.* ¶¶ 43–61). Then, applying a special instruction in USSG 2G1.3(d), the PSR calculated a "pseudo count"

2

for each additional victimization of MV3, MV4, and MV7. (*Id.* ¶¶ 62–84). Applying the grouping rules resulted in a total offense level of 46. (*Id.* ¶¶ 85–88). Petitioner received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 90, 91). Based on a total offense level of 43 and a criminal history category of I, his guideline imprisonment range was life. (*Id.* ¶ 124). The PSR also included a discussion of factors that might warrant departure. (*Id.* ¶ 138). Petitioner filed objections to the PSR. (CR ECF 35). The probation officer prepared an extensive addendum, noting in particular Petitioner's argument that he understood the guidelines would recommend a sentence of twenty-five years and pointing out that the plea agreement clearly stated that no one could predict the sentence. (CR ECF 37). Petitioner filed a motion for downward departure or variance. (CR ECF 40).

On June 26, 2020, the Court sentenced Petitioner to a term of imprisonment of life. (CR ECF 50). At sentencing, the Court considered and overruled Petitioner's objections to the PSR. The Court denied the motion for downward departure or variance, but "not because Counsel did not do a good job." Rather, Petitioner "received very capable and effective representation from perhaps one of the most senior criminal defense attorneys in this division." (CR ECF 55 at 57–58). The Court gave a detailed explanation of the reasons for imposing the life sentence, noting among other things that Petitioner enjoyed high community stature and "abused the trust of his community and society by manipulating parents and young boys before conducting appalling, unspeakable, despicable, and evil acts." (*Id.* at 63–64). The Court recounted in detail some, but not nearly all, of the facts contained in the PSR about the abuse Petitioner had perpetrated. (*Id.* at 64–66). Petitioner used "force, intimidation, coercion, and undue influence to assault each minor boy, causing the victims and their families immeasurable amounts of emotional and psychological pain, betraying the trust bestowed unto him by his community as a law enforcement officer, a martial

arts expert, and church volunteer." (*Id.* at 66). Petitioner would likely have continued his serial molestation and criminal sexual activity had he not been stopped. (*Id.* at 67). Finally, the Court noted that even if the correct guideline range was not considered, it would have imposed the same sentence. No other sentence would have been appropriate, "whatever the resolution of [Petitioner's] objections, whatever the advisory guidelines range." (*Id.* at 69).

Petitioner appealed. (CR ECF 53). The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *United States v. Waters*, 846 F. App'x 263 (5th Cir. 2021). The United States Supreme Court denied his petition for writ of certiorari. *Waters v. United States*, 142 S. Ct. 232 (2021).

## GROUNDS OF THE MOTION

Petitioner states two grounds in support of his motion: First, he received ineffective assistance of counsel. (ECF 1 at 5). Second, his plea was involuntary and unknowing due to ineffective assistance of counsel. (*Id.* at 6).

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for

4

transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory

allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Petitioner maintains that his counsel was ineffective in allowing him to admit to additional criminal conduct with other minor victims, alleging that had such conduct not been included in his factual resume, his total offense level would have been 41 and his guideline range 324 to 405 months instead of life. (ECF 5). Further, his plea was not knowing and voluntary because both he and the government anticipated that his sentence would be approximately twenty-five years. (*Id.*).

The premise of Petitioner's first ground is mistaken. Petitioner's conduct with MV3 and MV4 was relevant conduct and would have been included in the guideline calculation even without the stipulation in the factual resume. (*See* ECF 12 at 13–15; CR ECF 37; *see also* CR ECF 40 (noting that immediately upon his arrest, Petitioner cooperated with agents giving detailed information of his former criminal conduct); CR ECF 55 (arguing that Petitioner had come forward "at a very early stage" with information about other kids that had not approached law enforcement)). That the strategy of admitting the facts in the factual resume was not a successful one, in that Petitioner did not receive the lower sentence he sought, does not mean that counsel was ineffective. *United States v. Massey*, 79 F.4th 396, 399 (5th Cir. 2023).

That everyone involved in the case thought that Petitioner's sentence would be lower does not mean that his plea was not knowing and voluntary. Petitioner testified under oath at rearraignment that: his plea was not the result of any promises or threats, but made of his own free will because he was guilty; he understood he faced a penalty of life imprisonment; he understood that the judgment would be solely in the discretion of the district judge and that the guidelines would not be binding on the judge; he had discussed the guidelines with counsel and understood

6

that counsel's estimate of the sentence was not a promise or guaranty and that he would be bound by the judgment even if it was greater than what counsel estimated; he had read the factual resume and understood everything in it; he signed the factual resume and everything in it was true and correct. (CR ECF 54). Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

A guilty plea is not rendered involuntary because of the defendant's subjective understanding that he would receive a lower sentence. Nor is it rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate prediction that a lesser sentence would be imposed. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Even if Petitioner could show that his counsel's conduct fell below an objective standard of professional reasonableness, and he cannot, he has not shown that he was prejudiced as a result. In a case like this one, where Petitioner entered a guilty plea, he must show that there is a reasonable probability that, but for counsel's errors, he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In hindsight, Petitioner argues that he would not have entered a plea. But "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017) Instead, courts look to contemporaneous evidence to substantiate the defendant's expressed preferences. *Id.*; *United States v. Valdez*, 973 F.3d 396, 402–03 (5th Cir. 2020). Here Petitioner has presented nothing—he does not even address the matter in his reply—

7

and the record does not reflect that he would have gone to trial. The transcript of the rearraignment clearly reflects that Petitioner's plea was knowing, voluntary, and intelligent. At no time did he express any dissatisfaction with his attorney or move to have him withdrawn. Nor did he seek to withdraw his plea when the PSR made clear that his guideline range was life. The evidence against him was overwhelming and his only hope was to show immediate contrition and acceptance of responsibility. As the Court noted at sentencing, the facts were so heinous that a life sentence was the only appropriate sentence no matter what the guidelines would have suggested.[1] (CR ECF 55 at 69).

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Davin Seth Waters, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on October 19, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[1] Thus, even if Petitioner is correct and the conduct regarding MV4 would not have been relevant conduct, (ECF 13), a guideline range of 360 months to life would not have made a difference in the Court's sentencing.

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).